RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/27/12
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIAM MERCER, #15996-016 | DOCKET NO. 11-CV-1500; SEC. P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| USA, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Back before the Court is the fifth of seven *pro se* complaints filed by Plaintiff William Mercer pursuant to the Federal Tort Claims Act (FTCA). 28 U.S.C. §1346(b). Plaintiff is an inmate in the custody of the United States Bureau of Prisons, and he is incarcerated at the United States Penitentiary (USP) in Pollock, Louisiana. He complains that he was held in a receiving and discharge cell for three days without a Bible or Koran and with a stopped up toilet.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Statement of the Case*

Plaintiff alleges that, on November 25, 2010, he was "stuck in R&D for 3 days with a stop [sic] up toilet." [Doc. #5, p.3] He alleges that the defendants refuse to give Bibles or Korans to inmates in the "SHU". He seeks compensatory damages of $180,000.

### *Law and Analysis*

The FTCA contains its own exhaustion provision, which is

jurisdictional. That is, before bringing an action in federal district court under the FTCA, the plaintiff must fully exhaust all administrative remedies. See McNeil v. United States, 508 U.S. 106, 113 (1993); Price v. United States, 81 F.3d 520, 521 (5th Cir. 1996).[1] The exhaustion procedures for tort claims under the FTCA are separate and distinct from the exhaustion requirements for a Bivens or other type of claim. See Lambert v. United States, 2006 U.S. App. LEXIS 21963 (11th Cir. 2006) ; Janis v. United States, 162 Fed. Appx. 642 (7th Cir. 2006). Because this requirement is jurisdictional in nature, the filing of a claim with the appropriate agency cannot be waived. See Gregory v. Mitchell, 634 F.2d 199, 203-04 (5th Cir. 1981).

Plaintiff attached documents to his complaint purporting to exhibit exhaustion of his claim. However, those documents pertain to one of Plaintiff's other tort claims in another lawsuit. As to the claim in this suit, there is no indication, and Plaintiff does not allege, that he provided the BOP with written notification of injury and a monetary demand or that his claim was denied at the

---

[1] 28 U.S.C. §2676(a) provides in part:
An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, **unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency** in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

final step. Plaintiff's claim is not exhausted, and the Court is without jurisdiction to hear the FTCA claim.

Even if the claim was properly exhausted, the claim should be dismissed. Plaintiff has not alleged a physical injury suffered as a result of the three days of complained of conditions of confinement. 42 U.S.C. §1997e(e) provides that no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. See Stephens v. Yusuff, 95 Fed. Appx. 78 (5th Cir. 2004).

Moreover, Plaintiff's grievance that inmates, in general, receive neither a Bible nor a Koran while in the SHU also fails to state a claim under the FTCA. There is no recognized "negligent deprivation of religious rights" claim. See Eason v. Thaler, 73 F.3d 1322, 1328-29 (5th Cir. 1996). Additionally, Plaintiff may not raise claims on behalf of other inmates. See Cramer v. Skinner, 931 F.2d 1020, 1024 (5th Cir. 1991); Coon v. Ledbetter, 780 F.2d 1158, 1159 (5th Cir. 1986).

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED** for lack of jurisdiction as Plaintiff has not exhausted under the FTCA. ***Alternatively***, in the event that Plaintiff did properly exhaust under the FTCA, his claims should be dismissed as frivolous under 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 27th day of February, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE